78 F.3d 605
 38 U.S.P.Q.2d 1604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Stuart R. MEYERS MULTIDISTRICT PATENT INFRINGEMENT LITIGATION.
Stuart R. MEYERS, Plaintiff-Appellant,
v.
ASICS CORPORATION, and Asics Tiger Corporation, and
WOLVERINE WORLD WIDE, INC. and BROOKS SHOE, INC., and HYDE
ATHLETIC INDUSTRIES, INC., and HERMANS SPORTING GOODS, INC.,
KINNEY SHOE CORP. d/b/a THE FOOT LOCKER, and US MARATHON
LTD, INC., d/b/a THE ATHLETES FOOT (a/k/a US ATHLETICS),
Defendants-Appellees.
 Nos. 95-1194 to 95-1198.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stuart R. Meyers, a podiatrist and inventor, appeals a judgment of the United States District Court for the Southern District of New York, granting summary judgment to the defendants in Meyers's patent infringement action on the ground that United States Patent No. 4,297,797; No. 4,445,283; and No. 4,627,177, are anticipated under 35 U.S.C. § 102 by certain prior art references. Meyers v. Asics Corp., Civ. Action No. 89 CIV 5699 (S.D.N.Y. Dec. 19, 1994). Because we agree with the district court that each limitation of the claims in each of his patents is met by a single prior art sole, we affirm.
 
 
 2
 We review the district court's grant of summary judgment de novo. Lemelson v. TRW, Inc., 760 F.2d 1254, 1260, 225 USPQ 697, 700-01 (Fed.Cir.1985). Summary judgment is properly granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A patent is presumptively valid under 35 U.S.C. § 282 (1994), and a party seeking to prove invalidity must do so by clear and convincing evidence. See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1375, 231 USPQ 81, 87 (Fed.Cir.1986). A claim is anticipated under 35 U.S.C. § 102 (1994) "only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1570, 7 USPQ2d 1057, 1064 (Fed.Cir.1988) (emphasis in original).
 
 
 3
 Meyers first argues that the district court erred in granting summary judgment to the defendants on the ground that claims 1, 3, 5, and 6 of the '797 patent and claims 1-6 of the '283 patent were anticipated by Reed. Using primarily the drawings accompanying Reed, he says that the left and right sides of the Reed sole must have identical compressibility at every location, because its air pockets stretch uninterrupted from the left edge to the right edge of the sole, with no barrier in between, and are air tight only along the periphery. He also relies on Dr. Zvi Ladin's expert testimony in that regard, and argues that it was reversible error for the district court not to credit that testimony on a motion for summary judgment.
 
 
 4
 We disagree. As the district court recognized, Reed states that "[i]n the areas of the inner sole under the arch and heel a higher pressure is desirable and accordingly the air pockets of this location of the inner sole will be inflated to a greater extent than the pockets at other locations of the sole." Reed col. 3, lines 8-13. Reed also discloses that "the pressures of the pockets" are "adapted to underlie the arch of the foot being high and the pockets being thereby elevated relative to the pockets over the other areas." Reed col. 4, lines 29-32. These disclosures show that the Reed patent accomplishes the same supportive and cushioning functions as does Meyers. See, e.g., Meyers col. 3, lines 34-37. Meyers also argues that the district court misinterpreted the word "arch" in Reed to mean medial midfoot instead of entire midfoot. However, Reed explicitly discusses the "areas of the inner sole under the arch and heel" when pointing out where a higher pressure is desirable. See, e.g., Reed col. 3, lines 8-10 (emphasis added). Although the terminology differed from that employed by Meyers, the areas referred to in both patents are equivalent.
 
 
 5
 The district court's comparison of the Reed patent with Meyers's claims and its discussion of Meyers's arguments at trial show that the court did not believe that Ladin's testimony created a genuine issue of fact that was material to anticipation. We agree. For the most part, his testimony consisted of a general tutorial on the motion of the foot and the features of a shoe sole that may counteract the tendency of most people to overpronate their feet while running. To the extent that he commented on the prior art, we agree with the district court's implicit holding that his observations did not give rise to a material issue of fact.
 
 
 6
 Meyers next argues that the district court erred in holding that claims 1-3, 5, and 6 of the '177 patent were anticipated by Cavanagh, United States Patent No. 4,506,462, because Asics did not prove that the Cavanagh medial midfoot is less compressible than its lateral midfoot. Cavanagh does disclose that the "medial material is 10-20 durometer greater than that of the material used for the lateral portions," Cavanagh col. 4, lines 1-9, which corresponds to Meyers's less compressible material in the medial region. Meyers asserts that the higher durometer material located in the medial arch region in Cavanagh is perforated with holes in order to change its material properties--i.e., in order to change its "cushioning properties" and make it equal to the cushioning of the lateral side. However, as the district court noted, Meyers improperly equates the term "resiliency" in the Cavanagh patent with "compressibility." Cavanagh states that the perforations are intended to "increase resiliency and flexibility in the arch region to an extent corresponding to that of [the] outer portion" of the sole, but this is unrelated to the compressibility of the two areas. As the district court observed, in comparing the meanings of the two terms, the inner and outer portions of the sole could be equally resilient and yet be more or less compressible. Meyers also argues that the element of claim 1 that requires the first and second portions of the insole to undercut the remaining portions at an angle is missing from Cavanagh. To the contrary, Cavanagh's preferred embodiment has the outer and inner portions of his sole overlapping at an angle in the medial portion of the heel. See, e.g., Cavanagh col. 4, lines 25-31, 55-60. We believe the district court correctly decided this issue.
 
 
 7
 Finally, Meyers offers arguments about the Everston, Magidson, and Bates patents, but those prior art references are not properly before us because the district court made no findings relating to them. See, e.g., Fromson v. Western Litho Plate and Supply Co., 853 F.2d 1568, 1570, 7 USPQ2d 1606, 1608 (Fed.Cir.1988). Asics had requested summary judgment on the additional grounds that the above claims of the '797 and '283 patents are anticipated by Everston and Magidson and that the above claims of the '177 patent are anticipated by Bates. But the lower court did not rule on these arguments, and we do not address them here. See id.